UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GARY DEAN WALKER                           CIVIL ACTION NO. 07-CV-0126

VERSUS                                     JUDGE WALTER

STEVE PRATOR, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff filed this civil action against several defendants, and the court issued an order that Plaintiff prepare a summons form and a USM 285 form for each defendant. Plaintiff responded with a motion that requested the full name and address of each defendant. A docket entry (Doc. 21) reflects that Plaintiff telephoned the docket clerk and stated that some of the defendants no longer work at the prison, and it is those persons for whom he needs an address. Plaintiff then filed another motion (Doc. 22) that requested addresses for Nurse James, Deputy T. Williams and Nurse Lori. Those are apparently the defendants who no longer work at the jail.

A later docket entry suggests that the clerk received some service documents from Plaintiff, but they were incomplete in some respect, so the clerk returned the documents to Plaintiff with an indication of the missing information that needed to be supplied. Three months after the court originally ordered Plaintiff to provide the service documents, there was still no indication in the record that Plaintiff had submitted a completed set of forms for

any defendant. The court, noting this history, ordered Plaintiff to comply with the order to provide summons forms and USM 285 forms by February 7, 2008 for all defendants who are still employed at the jail or for whom Plaintiff otherwise has service information. Plaintiff was advised that, once those persons were served and made an appearance through counsel, the court would assist Plaintiff in obtaining the service information for the three former employees on which he sought service. Plaintiff was warned: "Failure to comply may result in dismissal of the case without further notice." Doc. 23.

The February 7, 2008 deadline has long since passed. Plaintiff has not submitted the necessary service documents to the clerk. The court is obligated to assist pauper plaintiffs with service, but a plaintiff has an obligation to provide the court with the basic forms and information needed to complete that task. Plaintiff (who was released from custody after he filed this action) has not satisfied the simple obligation of submitting the requisite one-page forms, which suggests he no longer has an interest in further prosecuting this case. The court cannot proceed with a case in which the plaintiff does nothing.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE